

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TAMARA NICOLE BROWN, )
)
    Plaintiff, )
) Civil Action No. 1:19-cv-03832 (UNA)
)
BOUNTIFUL BLESSING TEMPLE )
OF DELIVERANCE, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case.

Plaintiff appears to be domiciled in Tennessee, but provides no residence address. The Local Rules of this court state: "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c). Plaintiff has filed a complaint listing her address as a P.O. Box, which is allowed only upon leave of court. She sues the Bountiful Blessing Temple of Deliverance and three individuals. Defendants also appear to be located in Tennessee, but plaintiff provides no identifying information for any of them. A plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1).

The complaint itself is far from a model in clarity, but as far as it can be understood, plaintiff alleges that defendants are engaged in a criminal enterprise resulting in tax fraud, theft, and embezzlement. The intended causes of action are unclear, as are the specific alleged misdeeds

committed by defendants. Plaintiff believes that she and others have been generally defrauded and she seeks monetary damages, however, the complaint is devoid of any other substantive information. She cites only to the 26 U.S.C. § 7206, a criminal statute of the Internal Revenue Code, which does not provide for a private right of action. *See Pollinger v. United States*, 539 F. Supp. 2d 242, 253–54 (D.D.C. 2008) (citations omitted). The pleading then expands into vague ruminations regarding plaintiff's family history, purported bank account hacking, and alleged murder.

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Further, plaintiff has not demonstrated that this court can exercise personal jurisdiction over any of the defendants, failing to identify any connection whatsoever that defendants have, if any, to the District of Columbia. *See* Federal Rule of Civil Procedure 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (holding that due process of law requires that, in order

2

to subject a defendant to a judgment *in personam*, the defendant must either (1) be present within territory of forum, or (2) have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice) (citations and internal quotation marks omitted). Plaintiff has similarly failed to establish venue in the District of Columbia. *See* 28 U.S.C. § 1391(b).

The complaint is devoid of any substance which would provide adequate notice of a claim. It also fails to set forth allegations with respect to this court's jurisdiction over the plaintiff's entitlement to relief or a valid basis for an award of damages as pled. Therefore, the court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. A separate order accompanies this memorandum opinion.

United States District Judge

Date: 1/23/20